IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISHNU VARDHAN NALI, ) ) Plaintiff, ) ) v. ) ) KRISTI NOEM, Secretary, Department of ) Homeland Security; TODD LYONS, Acting ) Director of the Immigration and Customs ) Enforcement, each in their official capacity and ) not individually; and UNITED STATES ) DEPARTMENT OF HOMELAND SECURITY, ) ) Defendants. ) | Case No. 25-cv-03969 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, VISHNU VARDHAN NALI, for his Complaint against Defendants KRISTI NOEM, Secretary, Department of Homeland Security; TODD LYONS, Acting Director of the Immigration and Customs Enforcement, each in their official capacity and not individually; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY, states and alleges as follows:

**INTRODUCTION**

1. On or about Tuesday, April 9, 2025, the United States Department of Homeland Security ("DHS") unilaterally terminated the F-1 student status of numerous students throughout the

United States under the SEVIS [Student and Exchange Visitor] system for unknown and unspecified reasons.[1] Plaintiff VISHNU VARDHAN NALI is one of these students.

2. Since the fall of 2023, Mr. Nali has been studying business analytics, toward earning his Master's Degree, an MSBA at DePaul University in Chicago, Illinois, and is in his final quarter of studies, with graduation scheduled for June, 2025. Mr. Nali has planned to initiate and pursue his Optional Practical Training (OPT) process shortly.

3. Mr. Nali is not guilty of the "commission of (any) crimes of violence and for which a sentence of more than one year imprisonment may be imposed.", 8 CFR 214.1(g) (setting forth regulatory grounds for condition of a student nonimmigrant's admission and continued stay in the United States).

4. Mr. Nali was arrested last year, in 2024, for a minor shoplifting offense, which was disposed of with an order of "Nolle Prosequi" in August, 2024 by the Circuit Court of Cook County, Illinois.

5. Getting arrested is NOT a basis to terminate the F-1 student status of a student under the SEVIS system, according to the government's own regulations; neither is a conviction for a non-violent crime with a sentence of less than one year of imprisonment.

---

[1] See, Elizabeth Román, "5 Umass Amherst students have visas revoked," NHPR (Apr. 5, 2025), https://www.nhpr.org/2025-04-05/5-umass-amherst-students-have-visas-revoked; Katy Stegall and Esmeralda Perez, "Five USCD students' visas revoked and additional person deported, university confirms," CBS8 (Apr. 5, 2025), https://www.cbs8.com/article/news/local/five-ucsd-students-f-1-visas-revoked-additional-deported/509-2c257e52-4a31-42f7-8e3e-f6bd92a287b3; Molly Farrar, "Feds quietly revoke visas of multiple Umass, Harvard students," Boston.com (Apr. 6, 2025), https://www.boston.com/news/local-news/2025/04/06/feds-quietly-revoke-visas-of-multiple-umass-harvard-students/.

6. Vishnu came to the United States to study business analytics. Vishnu's dream of finishing his Master's program and obtaining an MBA at DePaul University is now in severe jeopardy because of DHS's decision to abruptly, and without legal cause, terminate his F-1 student status under the SEVIS system without affirmatively notifying him or even his school until on or about Tuesday, April 8, 2025.

7. On April 8, 2025, DePaul University sent Vishnu an email stating that "your F-1 status was terminated in SEVIS by the system for the reason and explanation of "OTHER - Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated. Error! Filename not specified (sic). This means that you currently do not have a visa status within the U.S."

8. According to the University, DHS's SEVIS[2] system database indicated that Plaintiff has had his VISA revoked.

9. The University has provided no further explanation to Vishnu.

10. This news is shocking to Vishnu because he has not violated any rules governing the maintenance of his F-1 student status, such as "fail[ing] to maintain a full course of study[.]" See 8 C.F.R. § 214.2(f)(5)(iv).

11. In light of DHS's unilateral termination of Vishnu's F-1 student status under the SEVIS system without any notice and sufficient explanation, Vishnu can no longer pursue his Master's degree as an F-1 student, including conducting any work under the Optional

---

[2] SEVIS "is the web-based system that the U.S. Department of Homeland Security (DHS) uses to maintain information regarding… Student and Exchange Visitor Program (SEVP)-certified schools… (and) F-1 and M-1 students studying in the United States…" See, https://studyinthestates.dhs.gov/site/about-sevis.

Practical Training ('OPT') which consists of temporary employment that is 'directly related to the student's major area of study.' Not being able to work and participate in the program has placed him in an extremely difficult financial and academic position, as his OPT training is not only his only source of income, but also a core component of his post-graduate training. In addition, he now faces the risk of detention and deportation. Indeed, having and maintaining F-1 student status is critical because it can serve as a form of relief and defense in removal proceedings.

12. At the most elemental level, the United States Constitution requires notice and a meaningful opportunity to be heard. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306, 113 S.Ct. 1439, 1449, 123 L.Ed.2d 1 (1993). "At the core of these due process rights is the right to notice of the nature of the charges and a meaningful opportunity to be heard. *See, e.g., Kwong Hai Chew v. Colding*, 344 U.S. 590, 596–98, 73 S.Ct. 472, 477–78, 97 L.Ed. 576 (1953); *Kaczmarczyk v. INS*, 933 F.2d 588, 596 (7th Cir.1991)(citing cases); *Matthews v. Eldridge*, 424 U.S. 319, 322 (1976). No such process was provided here.

13. For the agency-initiated termination of F-1 student status under the SEVIS system, DHS's ability to terminate F-1 student status "is limited by [8 C.F.R.] § 214.1(d)." *See, Jie Fang v. Director U.S. Immigration & Customs Enforcement,* 935 F.3d 172, 185 n.100 (3d Cir. 2019). Under this 8 C.F.R. § 214.1(d), DHS can terminate F-1 student status under the SEVIS system only when: (1) a previously granted waiver under 8 U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security,

diplomatic, or public safety reasons for termination. In other words, under this regulation, the revocation of an F-1 visa does not provide a basis to terminate F-1 student status under the SEVIS system.

14. DHS's own policy guidance confirms that "[v]isa revocation is *not*, in itself, a cause for termination of the student's SEVIS record." ICE Policy Guidance 1004-04 – Visa Revocations (June 7, 2010) (emphasis added).[3] Rather, if the visa is revoked, *the student is permitted to pursue his course of study in school*, but upon departure, the SEVIS record is terminated, and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States. *See* Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016).[4] If DHS wishes to terminate F-1 student status under the SEVIS system after (or independent of) revocation of a F-1 *visa*, DHS must comply with 8 C.F.R. § 214.1(d). *See Jie Fang*, 935 F.3d at 185 n.100. DHS has not done so here.

## JURISDICTION AND VENUE

15. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (federal defendant), and 5 U.S.C. § 702 (right of review).

16. Defendants have waived their sovereign immunity for suits seeking injunctive relief against constitutional and statutory violations. 5 U.S.C. § 702.

17. Venue is proper in the District of New Hampshire under 28 U.S.C. § 1391 as Plaintiff Vishnu Liu resides in New Hampshire.

---

[3] https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf

[4] https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation.

## PARTIES

18. Plaintiff Vishnu Nali is a native and citizen of India who currently resides in Illinois. He has resided in Illinois since the fall 2023. Since September 2023, he has been a graduate student at DePaul University, studying and researching business analytics. Vishnu first came to the United States after graduating as an undergraduate student from Prasad V Potluri Siddhartha Institute Of Technology (PVPSIT) in India. After obtaining a Bachelor of Technology degree there, Vishnu continued his studies towards earning a Masters degree at DePaul University in Chicago, Illinois.

19. Defendant Kristi Noem is the Secretary of the Department of Homeland Security. She is sued in her official capacity.

20. Defendant Todd Lyons is the Acting Director of the Immigration and Customs Enforcement ("ICE"), a component of Department of Homeland Security. He is sued in his official capacity.

21. Defendant Department of Homeland Security (DHS") is a federal government agency.

## FACTS

### Background on F-1 Student Visa and Status

22. Under the statute, noncitizens can enroll in government-approved academic institutions as F-1 students. *See* 8 U.S.C. § 1101(a)(15)(F). Students enter the United States on an F-1 visa issued by the U.S. Department of State. Then, once they enter the United States with an F-1 visa, students are granted F-1 student status and permitted to remain in the United States for the duration of status (D/S) as long as the student continues to meet the requirements established by the regulations governing the student's visa classification in 8 C.F.R. §

214.2(f), such as maintaining a full course of study and avoiding unauthorized employment. DHS's Student and Exchange Visitor Program (SEVP) is in charge of administering the F-1 student program and tracking information on students in F-1 student status.

23. An academic institution must obtain formal approval from DHS before it can sponsor a student's F-1 status. An institution must first file an application for School Certification through the Student and Exchange Visitor Information (SEVIS) system, a SEVP-managed Internet-based system to track and monitor schools and noncitizen students in the United States. *See* 8 C.F.R. § 214.3. 19. "Each school that educates F-1 students has a Designated School Official ('DSO') who monitors, advise, and oversees the students attending his or her institution." *Jie Fang*, 935 F.3d at 175.

24. For noncitizen students, they are "subject to an array of regulations." *Id*. (citing 8 C.F.R. § 213.2(f)). "These include maintaining a full course of study[.]" *Id*. (citing 8 C.F.R. § 214.2(f)(6)). Students may also participate in "two types of practical training programs." *Id*. (citing 8 C.F.R. § 214.2(f)(10)(ii)). "Curricular Practical Training ('CPT') is any 'alternative work/study, internship, cooperative education, or any other type to required internship or practicum that is offered by sponsoring employers through cooperative agreements with the school' that is an 'integral part of an established curriculum.'" *Id*. (quoting 8 C.F.R. § 214.2(f)(1)(i)). CPT usually occurs during the course of study and before its completion.

25. "The other is Optional Practical Training ('OPT') which consists of temporary employment that is 'directly related to the student's major area of study.'" *Id*. (quoting 8 C.F.R. § 214.2(f)(1)(ii)). OPT usually occurs at the end of the completion of the studies.

26. "Once a student has completed his or her course of study and any accompanying practical training, he or she has sixty days to either depart the United States or transfer to another accredited academic institution and seek a transfer of the F-1 visa." *Id*. (citing 8 C.F.R. § 214.2(f)(5)(iv)). "If a student voluntarily withdraws from the F-1 program, he or she has fifteen days to leave the United States." *Id*. "A student who 'fails to maintain a full course of study without the approval of the DSO or otherwise fails to maintain status' must depart the United States immediately or seek reinstatement." *Id*. (quoting 8 C.F.R. § 214.2(f)(5)(iv)).

27. Under the regulation, DSOs at schools must report through SEVIS to SEVP when a student fails to maintain status. *See* 8 C.F.R. § 214.3(g)(2). SEVIS termination is governed by SEVP policy and regulations.

28. The regulations distinguish between two separate ways a student may fall out of status: (1) a student who "fails to maintain status"; and (2) an agency-initiated "termination of status."

29. For failure to maintain F-1 student status under the SEVIS system, students fail to maintain their status when they do not comply with the regulatory requirement, such as failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. § 214.1(e)-(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder, such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year, "constitute a failure to maintain status."

30. For the agency-initiated termination of F-1 student status under the SEVIS system, DHS's ability to terminate F-1 student status "is limited by [8 C.F.R.] § 214.1(d)." *Jie Fang*, 935

F.3d at 185 n.100. Under this regulation, DHS can terminate F-1 student status under the SEVIS system only when: (1) a previously granted waiver under 8 U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination.

31. Accordingly, the revocation of an F-1 visa does not constitute a failure to maintain F-1 student status and, therefore, cannot serve as a basis for termination of F-1 student status in the SEVIS system. If an F-1 visa is revoked before the student's arrival in the United States, the student may not enter, and his SEVIS record is terminated. However, the SEVIS record may not be terminated as a result of visa revocation after a student has been admitted into the United States because the student is permitted to continue the authorized course of study. See ICE Policy Guidance 1004-04 – Visa Revocations (June 7, 2010).

32. Accordingly, the revocation of an F-1 visa does not constitute a failure to maintain F-1 student status and, therefore, cannot serve as a basis for termination of F-1 student status in the SEVIS system. If an F-1 visa is revoked before the student's arrival in the United States, the student may not enter, and his SEVIS record is terminated. However, the SEVIS record may not be terminated as a result of visa revocation after a student has been admitted into the United States because the student is permitted to continue the authorized course of study. See ICE Policy Guidance 1004-04–Visa Revocations (June 7, 2010).[5]

33. DHS's own policy guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record." *Id*. Rather, if the visa is revoked, the student is

---

[5] https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf.

permitted to pursue his course of study in school, but upon departure, the SEVIS record is terminated, and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States. See Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016).[6]

34. While a visa revocation can be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings. See 8 U.S.C. § 1227(a)(1)(B); U.S.C. § 1201(i). The Immigration Judge may also even dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status or otherwise reinstates to F-1 student status. See 8 C.F.R. § 1003.18(d)(ii)(B). Only when a final removal order is entered would the status be lost.

35. The Immigration Judge has no ability to review the F-1 student status termination in the SEVIS system because the process is collateral to removal proceedings. *See Jie Fang*, 935 F.3d at 183.

36. Students who have failed to maintain F-1 status may seek reinstatement of their status, with a re-activated CEVIS registration. Under regulations, "a district director in the U.S. Citizenship and Immigration Services ('USCIS') 'may consider' reinstating a student who demonstrates that he or she: 1) 'has not been out of [valid F-1] status for more than 5 months at the time of filing the request for reinstatement' or that 'the failure to file within the 5 month period was the result of exceptional circumstances and that the student filed the request for reinstatement as promptly as possible under these exceptional circumstances;' 2) does 'not have a record of repeated or willful violations of Service regulations'; 3) is

---

[6] https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation

pursuing or intends to pursue a full course of study; 4) has not engaged in unauthorized employment; 5) is not deportable on any ground other than 8 U.S.C. § 1227(a)(1)(B) and (C)(i); and 6) can prove that the violation of status resulted from circumstances beyond the student's control, or that the violation relates to a reduction in the student's course load that would have otherwise been permitted if authorized by the school and that failure to approve reinstatement would result in extreme hardship to the student." *Jie Fang*, 935 F.3d at 176 (citing and quoting 8 C.F.R. § 214.2(f)(16)(i)(A)-(F)).

### Termination of Vishnu Nali's F-1 Student Visa and Status

37. Vishnu is a 26-year-old graduate student at DePaul University who has been pursuing a study of business analytics since September, 2023.

38. Vishnu is a citizen and national of India.

39. Vishnu first came to the United States in the fall of 2023 under an F-1 student visa, to pursue his graduate program at DePaul University. He previously graduated with a Bachelor of Technology degree from PVPSIT, in May, 2019.

40. Starting in September 2023, Vishnu continued his studies at DePaul University to pursue its Masters program in Business Analytics. He has remained in the United States since arriving in the fall of 2023, and has not traveled outside of its borders (nor outside the State of Illinois) since arriving at O'Hare International Airport in the fall of 2023.

41. With no prior notice whatsoever, on April 8, 2025, DePaul University informed Vishnu that his SEVIS record was terminated. According to the email he received from his International Student Advisor at DePaul University on April 8, 2025, his "F-1 status was terminated in SEVIS by the system for the reason and explanation of 'OTHER - Individual identified in

criminal records check and/or has had their VISA revoked. SEVIS record has been terminated.'" The letter continued, informing Vishnu "This means that you currently do not have a visa status within the U.S." and explaining that taking no action "is high risk in terms of your future immigration records/history." The letter advised that other options include working with an immigration attorney; or leaving the country and applying for a new visa "when you wish to return." The letter concluded by informing Vishnu that "all employment authorization, on- or off-campus ends immediately when you fall out of valid status," advising him to "cease any employment immediately". See, Exhibit 1.

42. Vishnu had previously been arrested and charged with shoplifting, a misdemeanor, and has not committed any crime. That matter was disposed of and dismissed by the Court, as a "Nolle Prosequi" - a motion by the Cook County State's Attorney that the State is unwilling to prosecute the matter - on August 14, 2024.

43. Vishnu has complied with all rules and regulations as someone with student status. He has not been told and does not know why his visa was revoked, nor why his SEVIS record (F-1 student status) was terminated.

44. The termination of Vishnu's student status in SEVIS has put Vishnu's education, research, and career trajectory at risk. In particular, he is no longer authorized to work in the capacity of an OPT employee, which has terminates his ability to work, and will severely affect his ability to complete his studies and obtain the Master's degree which he has nearly finished.

45. This termination may also put Vishnu in immediate detention and deportation—an outcome other students have already faced.[7]

## CLAIMS FOR RELIEF

## COUNT 1

### VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

**(Unlawful F-1 Student Status Termination)**

46. The foregoing allegations are realleged and incorporated herein.

47. The United States Constitution requires notice and a meaningful opportunity to be heard. *See Capric v. Ashcroft,* 355 F.3d 1075, 1087 (7th Cir. 2004)("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Ambati v. Reno*, 233 F.3d 1054, 1061 (7th Cir.2000). And these rights apply in a deportation proceeding. *Podio v. INS*, 153 F.3d 506, 509 (7th Cir.1998) (citations omitted). Due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard.")

48. Defendants terminated Plaintiff's F-1 student status under the SEVIS system without (i) notifying him about this termination decision, (ii) failing to provide Plaintiff with an individualized hearing before an impartial adjudicator, and (iii) failing to provide Plaintiff with adverse evidence and an opportunity to confront and respond to such evidence.

---

[7] *See, e.g., Ozturk v. Trump*, No. 25-cv-10695-DJC, 2025 U.S. Dist. LEXIS 64831 (D. Mass. Apr. 4, 2025); *Liu v. Noem*, 25-cv-000133 (D. NH., Apr. 8, 2025.

49. Defendants' disregard for complying with the well-established due process principles violated Plaintiff's due process rights.

## COUNT 2

### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT—ARBITRARY AND CAPRICIOUS AGENCY ACTION

### (Unlawful F-1 Student Status Termination)

50. The foregoing allegations are realleged and incorporated herein.

51. Defendants' termination of Plaintiff's F-1 student status under the SEVIS system is a final agency action. *See Jie Fang*, 935 F.3d at 182 ("[t]he order terminating these students' F-1 visas marked the consummation of the agency's decision making process, and is therefore a final order").

52. Defendants' termination violates the Administrative Procedure Act (APA) and should be set aside pursuant to 5 U.S.C. § 706(2)(A) as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, including the regulatory regime at 8 C.F.R. § 214.1(d).

53. Under 8 C.F.R. § 214.1(d), Defendants have no statutory or regulatory authority to terminate Plaintiff's SEVIS record or status based simply on revocation of a visa.

54. Moreover, in making its finding that Plaintiff's student status should be terminated, Defendants did not consider any facts relevant to Plaintiff's individual circumstances nor did it provide any explanation, let alone reasoned explanation, justifying its determination.

Defendants' lack of consideration of any relevant facts specific to Plaintiff before making its determination was arbitrary and capricious and in violation of the APA.

## COUNT 3

## VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

### (Unlawful Detention)

55. The foregoing allegations are realleged and incorporated herein.

56. The Fifth Amendment requires fair, pre-deprivation process when a person's liberty hangs in the balance.

57. In light of the unlawful termination of Plaintiff's SEVIS record and F-1 student status, Plaintiff is at risk of abrupt detention without prior notice. Plaintiff is a graduate student who has not committed a crime punishable by the withdrawal of SEVIS status. Plaintiff has ensured that he complied with all rules. *See, Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (finding immigration detention must further twin goals of (1) ensuring noncitizen's appearance during removal proceedings and (2) preventing danger to the community). There is no credible argument for Plaintiff's immigration detention, preventing him from pursuing his studies.

## RELIEF SOUGHT

Plaintiff seeks that Court enter an order of judgment in Plaintiff's favor and against Defendants, as follows:

(1) Assume jurisdiction over this matter;

(2) Declare that Defendants' termination of Plaintiff's F-1 student status under the SEVIS system without affording him sufficient notice and opportunity to be heard violated Plaintiff's Fifth Amendment due process rights and the APA (including under 8 C.F.R. § 214.1(d));

(3) Issue an injunction requiring Defendants to provide adequate individualized proceedings before an impartial adjudicator for Plaintiff in which he will be entitled to review any adverse evidence and respond to such evidence prior to any determination about whether Plaintiff's F-1 student status should be terminated;

(4) Order Defendants to reinstate Plaintiff's valid F-1 student status under the SEVIS system immediately at DePaul University;

(5) Enjoin Defendants from detaining or taking steps to detaining Plaintiff, pending a resolution of the instant case;

(6) Award attorney's fees and costs pursuant to the Equal Access to Justice Act; and

(7) Order any further relief this Court deems just and proper.

        Respectfully submitted,

        /s/ *Jeffrey Grant Brown*
        Jeffrey Grant Brown
        Attorney for Plaintiff

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
65 West Jackson Blvd. #107
Chicago, Illinois 60604
(312) 789-9700
Illinois ARDC #6194262
Attorney for Plaintiff