IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISHNU VARDHAN NALI, )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br> KRISTI NOEM, Secretary, Department of )<br>Homeland Security; TODD LYONS, Acting )<br>Director of the Immigration and Customs )<br>Enforcement, each in their official capacity and )<br>not individually; and UNITED STATES )<br>DEPARTMENT OF HOMELAND SECURITY, )<br> )<br> Defendants. ) | Case No. 25-cv-03969<br><br>Judge Rowland |

## JOINT STATUS REPORT

On April 29, 2025, this court ordered the parties to file a joint status report to update the Court on how the parties wish to proceed.

Plaintiff reports that the status of each of his visa remains unclear. Plaintiff intends to seek a preliminary injunction, continuing the terms of the temporary restraining order entered by the Court, as well as to retroactively reverse Plaintiff's status to the state in which it existed prior to the cancellation of SEVIS and the filing of this action. Plaintiff also intends to seek the production of the administrative record; and an order awarding Plaintiff's costs, including attorney's fees, incurred in the prosecution of this action.

Defendants report that each plaintiff's SEVIS record has been reactivated. Thus, to the extent plaintiffs may have previously convinced this court to conflate a SEVIS record with maintenance of F-1 status (even though they are wrong about that), there is no requisite

"irreparable injury" for the purposes of preliminary injunctive relief. If anything, this case is now moot. *See* Attached Declarations.

Relatedly, it is Defendants' contention that no attorney fees are merited in this action as there has been no "prevailing party" determined for the purposes of the Equal Access to Justice Act. *See Lackey v. Stinnie*, 145 S. Ct. 659, 669 (2025) ("A plaintiff who wins a transient victory on a preliminary injunction does not become a 'prevailing party' simply because external events convert the transient victory into a lasting one. Rather, a plaintiff 'prevails' under the statute when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties."). Regardless of these nuances, defendants will respond to Plaintiff's filings or motion pursuant to the Court's direction.

DATED: May 12, 2025

/s/ *Jeffrey Grant Brown*
Jeffrey Grant Brown
Attorney for Plaintiffs

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: /s/ *Craig A. Oswald*
Craig A. Oswald
Assistant United States Attorney

Jeffrey Grant Brown, P.C.
Attorney for Plaintiffs
65 West Jackson Blvd. #107
Chicago, Illinois 60604
(312) 789-9700
Illinois ARDC #6194262
jeff@JGBrownlaw.com

Office of the United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9080
Craig.Oswald@usdoj.gov